FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2007 AUG -1  AM 11: 47

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

Jacob Baird
400 Depot St.
Butler, IN 46721

    Plaintiff,

v.

Central Credit Services, Inc.
c/o Susan Slagle Esq., Registered Agent
1201 San Amaro Road
Jacksonville, FL 32207

    Defendant.

CASE NO.:

JUDGE:  1:07CV193 RL

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around June 11, 2007, during a telephone communication with Plaintiff, Defendant threatened that if Plaintiff's debt was not resolved by the end of that day, Defendant would sue Plaintiff.

10. On or around June 11, 2007, Plaintiff informed Defendant that Plaintiff had retained Macey & Aleman, P.C. to file bankruptcy, provided contact information for Macey & Aleman, P.C., and requested that all future communications regarding his debt be directed to Macey & Aleman, P.C.

11. Despite Plaintiff's notice and request, Defendant contacted Plaintiff again on or around June 11, 2007.

12. Despite Plaintiff's notice and request, Defendant contacted Plaintiff twice on or around June 12, 2007.

13. Despite Plaintiff's notice and request, Defendant contacted Plaintiff again on or around June 13, 2007.

14. Despite Plaintiff's notice and request, Defendant contacted Plaintiff twice on or around June 14, 2007.

15. On or around June 15, 2007, Plaintiff informed Defendant that Plaintiff was not allowed to receive personal calls at work regarding his debt and requested that Defendant refrain from calling Plaintiff at work in the future.

16. Despite Plaintiff's notice and request, Defendant contacted Plaintiff at work again on or around June 18, 2007.

17. Defendant has not sued Plaintiff.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

**27.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**28.** The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

**29.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**30.** The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

**31.** Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**32.** Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.

By:_____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156